862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert SHEFFIELD, Petitioner-Appellant,
v.
Larry LACK, Warden, Respondent-Appellee.
 No. 88-5459.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1988.
 
 Before LIVELY, DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hubert Sheffield was convicted of first-degree murder in the Shelby County, Tennessee Criminal Court. His conviction was affirmed by the Tennessee Supreme Court on direct appeal. State v. Sheffield, 676 S.W.2d 542 (Tenn.1984). He then sought federal habeas relief asserting the same grounds he advanced on direct appeal. The district court reviewed petitioner's claims and denied his petition.
 
 
 3
 Upon consideration, we conclude that the petition was properly denied. Petitioner's claim that the Tennessee death penalty statute is unconstitutional is without merit because petitioner's original sentence of death was vacated on appeal, Sheffield, 676 S.W.2d at 551-54, and petitioner received a life sentence upon resentencing. For this reason, the numerous other claims relating to petitioner's original sentencing hearing are likewise without merit.
 
 
 4
 Further, petitioner's claim that women are excluded from service as grand jury forepersons is without merit because he is not a member of the class allegedly discriminated against. See Rose v. Mitchell, 443 U.S. 545, 565 (1979); Alexander v. Louisiana, 405 U.S. 625, 633 (1972). Petitioner's claims that venirepersons were improperly stricken from his jury panel must be rejected because the state supreme court found that each juror was subject to dismissal for bias. Sheffield, 676 S.W.2d at 548. This finding is entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d) because none of the exceptions, 28 U.S.C. Sec. 2254(d)(1)-(8), apply. See Wainwright v. Witt, 469 U.S. 412, 426-29 (1985). Also, petitioner's claim that he was improperly denied individual voir dire does not assert a constitutional deprivation. See Trujillo v. Sullivan, 815 F.2d 597, 606 (10th Cir.), cert. denied, 108 S.Ct. 296 (1987); McCorquodale v. Balkcom, 721 F.2d 1493, 1496 (11th Cir.1983) (en banc), cert. denied, 466 U.S. 954 (1984).
 
 
 5
 Next, petitioner's claim that his conviction is not supported by the evidence is without merit. Viewing the evidence, as recited by the state supreme court, in the light most favorable to the prosecution, see Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985), we conclude petitioner's conviction is amply supported under the test enunciated in Jackson v. Virginia, 443 U.S. 307 (1979). Further, petitioner's claims relating to evidentiary rulings at his trial do not warrant habeas relief because petitioner was not deprived of a fundamentally fair trial. See Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.) cert. denied, 108 S.Ct. 509 (1987).
 
 
 6
 Petitioner's claim that the state trial court's felony murder jury instruction was improper is also without merit. The Tennessee Supreme Court determined that the instruction comported with state law. Sheffield, 676 S.W.2d at 550-51. This ruling is binding upon federal courts. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). Furthermore, the instruction did not improperly shift the burden of proof contrary to the rule enunciated in Sandstrom v. Montana, 442 U.S. 510 (1979). Finally, petitioner's claim that he was improperly denied a new trial based upon newly discovered evidence is not cognizable in habeas corpus. See Townsend v. Sain, 372 U.S. 293, 317 (1963).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.